The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY HILL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSON'S LLC, a foreign limited liability company, *et al.*,<br><br>Defendants. | No. 2:25-cv-01216-RSL<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND** |

## I.     INTRODUCTION

As the removing party and sole proponent of federal jurisdiction, Defendants bear the burden of establishing this Court's subject matter jurisdiction, including the core constitutional requirement of Article III standing. Consequently, Defendants must demonstrate that Plaintiff Jeffrey Hill suffered an injury-in-fact that is concrete, particularized, and likely to be redressed by judicial relief. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Defendants have failed to make such a showing under the two injury-in-fact tests articulated by this Court in what is now at least *twenty* remand orders of virtually identical RCW 49.58.110 cases. Immediate remand of this state law putative class action to King County Superior Court is thus required so as not to further delay justice.

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 1

No. 2:25-cv-01216-RSL

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

## II.     ARGUMENT

### A.     The Court's Article III standing tests necessitate remand.

Contrary to Defendants' accusations, Plaintiff is not ignoring his complaint, nor has he taken inconsistent positions with regard to his allegations in this action. Rather, his arguments are consistent with over ***twenty*** remand orders, including numerous remand orders issued after the Washington Supreme Court accepted review of the certified question in *Branson*. *See* Motion to Remand at 2:9-3:6 ("Remand Orders"). In all of these cases, this Court set aside allegations of harm, opining that "a violation of the statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires a bona fide applicant before there is a risk of harm." *Atkinson v. Penney Opco LLC*, No. 23-cv-01806-BJR, 2024 U.S. Dist. LEXIS 134571, at *5-6 (W.D. Wash. July 30, 2024).

Defendants conveniently ignore this entire body of jurisprudence in arguing that Plaintiff's complaint, unlike those in the remanded cases, includes allegations of harm sufficient to satisfy Article III standing requirements. *See generally* Defs.' Response to Motion to Remand, ECF No. 15 ("Defs.' Opp'n"). Not so. Plaintiff alleges the same harm as alleged in the other remanded cases. For instance, in *ACV*, the plaintiff alleged he was "unable to evaluate the pay for the position and compare that pay to other available positions in the marketplace, which negatively impacts Plaintiff's current and lifetime wages." *Compare* Compl. ¶ 38, *Hill v. ACV Auctions Inc.*, No. 2:25-cv-00616-MJP (W.D. Wash. Apr. 7, 2025), ECF No. 1-1, *with* Compl. ¶ 33, ECF No. 1-3. Defendants in *ACV* made similar arguments to those made by Defendants here. The *ACV* court rejected those arguments and remanded for lack of Article III authority. *ACV*, No. 2:25-cv-00616-MJP, at 6.

Defendants' arguments regarding alleged harms pled in the complaint are similarly irrelevant to the determination of an injury-in-fact without the requisite allegations for Article III standing as established in the Court's Remand Orders, i.e., the allegation of intent sufficient to establish an injury-in-fact. *See* Remand Orders. Plaintiff did not make these allegations because

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 2

No. 2:25-cv-01216-RSL

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

they are not required under the statute's plain language. *See* RCW 49.58.110. Remand for lack of an Article III injury-in-fact is therefore required subject only to a finding that remand will be futile.

### B. Remand is not futile.

The law is clear that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) mandates that "the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added); *Polo v. Innoventions Int'l*, 833 F.3d 1193, 1196 (9th Cir. 2016) (providing that where there exist "[d]efects of subject-matter jurisdiction," "the district court generally *must* remand the case to state court, rather than dismiss it"); *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) ("[§ 1447(c)] is *mandatory*, not discretionary." (Emphasis added.)). As the U.S. Supreme Court has recognized, "the literal words of § 1447(c)" give "no discretion to dismiss rather than remand an action." *Int'l Primate Prot. League v. Admins. of Tulane Educ. Fund*, 500 U.S. 72, 88-89 (1991), *superseded by statute on other grounds*. The Ninth Circuit's judicially created futility exception to § 1447(c), however, permits a federal court to "dismiss an action rather than remand it if there is '*absolute certainty*' that the state court would dismiss the action following remand." *Glob. Rescue Jets, LLC v. Kaiser Found. Health Plan, Inc.*, 30 F.4th 905, 920 n.6 (9th Cir. 2022) (emphasis added); *Bell v. City of Kellogg*, 922 F.2d 1418, 1424-25 (9th Cir. 1991). Because this "narrow" futility exception contradicts the removal statute's clear mandate, it "may no longer be good law." *Glob. Rescue Jets*, 30 F.4th at 920 n.6; *Polo*, 833 F.3d at 1197. Indeed, the Ninth Circuit has recognized the futility exception's doctrinal peril following *International Primate* but, without formal challenge, the Court has not yet had occasion to overrule it. *See Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1189-90 (9th Cir. 2022) (observing the futility exception's validity is in question but declining to opine on it *sua sponte*). Plaintiff challenges the exception's continued viability because it conflicts with the plain language of § 1447(c). *See Int'l Primate*, 500 U.S. at 88-89.

Nevertheless, even if the futility exception remains good law, Defendants cannot show that remand would be futile. The futility doctrine applies only where the district court has

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 3

No. 2:25-cv-01216-RSL

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

1  "absolute certainty" that a state court would "simply dismiss[] the action." *Bell*, 922 F.2d at 1425.
2  Here, it is far from certain that a Washington court would dismiss this action upon remand.

3  Defendants erroneously assert remand would be futile because a state court will similarly dismiss this action for lack of standing because Plaintiff has not established Article III's injury-in-fact requirement. *See* Defs.' Opp'n at 11-12. This argument ignores that several Washington state courts have denied dispositive motions under virtually identical circumstances. *See* Order Denying Defs.' Motion to Dismiss, *Herold v. Smart FoodService Stores*, No. 23-2-19555-8 (King Cnty. Super. Ct. May 13, 2024); Order Denying Def.'s Motion for J. on the Pleadings, *Pizl v. Dependable Staffing Agency Ltd.*, No. 23-2-12099-5 (Pierce Cnty. Super. Ct. Apr. 26, 2024). It also presents a fundamental misunderstanding of Washington's statutory standing jurisprudence. *See, e.g.*, *State v. City of Sunnyside*, 3 Wn.3d 279, 325 (2024) (González, C.J., concurring in part, dissenting in part)

Further, contrary to Defendants' assertion, Washington has not adopted a generally applicable analog to Article III's injury-in-fact or zone of interest requirements. Rather, in Washington state courts, the statutory standing inquiry begins and ends with the statute itself and is a question of statutory interpretation only. *See In re Adoption of B.T.*, 150 Wn.2d 409, 417 (2003) ("[W]e look to the statutes to define standing. . . ."); *West*, 194 Wn. App. at 826 ("Questions of standing under Washington law begin with the statutes themselves."). And "a prior order dismissing a case for lack of standing in an [A]rticle III court and remanding to state court cannot have preclusive effect on this issue of statutory interpretation." *Sunnyside*, 3 Wn.3d at 305.

In Washington, a party identified in a statute as one who may bring an action thereunder has standing. *See, e.g.*, *In re Est. of Becker*, 177 Wn.2d 242, 247 (2013) (providing any person with interest in an estate or trust has standing to contest will under RCW 11.96A.030(6)); RCW 4.24.010 (identifying persons who may bring claims for injury or death to child). But where, as here, the Legislature omits specific standing requirements, courts may not impose their own. *See West v. Pierce Cnty. Council*, 197 Wn. App. 895, 897 (2017) (holding "any person" has standing

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 4

No. 2:25-cv-01216-RSL

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

to bring claim under RCW 42.30.120 and .130); *Five Corners Family Farmers v. State*, 173 Wn.2d 296, 131 (2011) ("A court must not add words where the legislature has chosen not to include them."); RCW 49.58.110 (allowing a "job applicant" or "employee" to bring an action).

If the Legislature intends to impose stricter standing requirements, such as analogs to Article III standing or injury requirements, it says so explicitly. *See, e.g.*, *Allan v. Univ. of Wash.*, 92 Wn. App. 31 (1998) (drawing from the Article III standing inquiry for a claim under the Washington Administrative Procedure Act (APA) because the statute expressly adopts a standing test similar to Article III's requirements (citing RCW 34.05.530)), *aff'd*, 140 Wn.2d 232 (2000). Washington, however, has only applied these more stringent standing tests in limited circumstances, including in Uniform Declaratory Judgment Act (UDJA) or APA cases, certain cases where the Legislature expressly confined the private right of action to "aggrieved" persons, or where a plaintiff seeks to enforce a statute that does not grant a private cause of action. Defendants cite cases that fall within these discrete categories.

The Washington Supreme Court's recent opinion in *Brown v. Old Navy, LLC* confirms that Washington has not adopted a generally applicable analog to federal standing requirements. 567 P.3d 38, 42 (2025). In interpreting Washington's Commercial Electronic Mail Act (CEMA), chapter 19.190 RCW, the Court noted that a CEMA violation is a *per se* violation of the Consumer Protection Act (CPA). *Id.* The Court explained that CEMA's statutory damages "do[] not require a showing of actual damages" because "the injury is receiving an e-mail that violates [CEMA's] regulations." *Id.* It repeated, "CEMA does not require a showing of injury for statutory damages to be awarded because the injury is receiving the e-mail that violates CEMA." *Id.* at 45. The EPOA, like CEMA, sets statutory damages for violations of the statute. RCW 49.58.070. Also similar to CEMA, the EPOA allows for actual damages but does not require a showing of actual damages to recover. *See id.* By allowing statutory damages, the Legislature acknowledged that the injury is in applying to a violative job posting. *See id. Old Navy* alone establishes that it is not absolutely certain that a Washington state court will dismiss Plaintiff's EPOA claim for failing to satisfy Article III standing requirements.

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 5

No. 2:25-cv-01216-RSL

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

In *Wright v. Lyft*, the Washington Supreme Court similarly concluded that to recover for a CEMA violation, a plaintiff need not prove injury or causation, even though these are required for a CPA claim, from which CEMA stems. 189 Wn.2d 718, 729 (2017). The Court highlighted that "damages for CEMA violations are *automatic*" where the Legislature decided to "write a damages provision free of preconditions." *Id.* The Court rejected any position that required it to impose extratextual requirements. *Id.* Here, the Legislature granted a private cause of action for statutory damages to job applicants. RCW 49.58.070, .110. Because the statute is "free of preconditions," such as requiring proof of injury, it would be "nonsensical" and inappropriate for a court to "read in elements that lawmakers did not include." *See Lyft*, 189 Wn.2d at 729. Because the question of futility turns on whether it is absolutely certain that the state court will dismiss the action, these cases conclusively establish that remand would not be futile.

   C.  **Staying this case pending *Branson* is inappropriate.**

No stay is warranted where the Court lacks subject matter jurisdiction. The Court has repeatedly held that an allegation of good faith is necessary to establish Article III standing in federal court. *See* Motion to Remand. And Washington state courts have repeatedly acknowledged that standing in state court does not follow the more stringent Article III standing requirements. *See, e.g.*, *Sunnyside*, 3 Wn.3d at 325 (stating that a federal court's determination that a plaintiff does not have Article III "standing in federal court . . . is irrelevant to whether the case may be maintained in [Washington's] general jurisdiction state courts"); *West v. Seattle Port Comm'n*, 194 Wn. App. 821, 829 (2016) (rejecting defendant's argument that plaintiff lacked statutory standing because he cannot demonstrate any injury as required by Article III and reiterating that "[s]tate courts are not bound by this requirement because they do not rely on the federal constitution for their authority"); *Trinity Universal Ins. Co. of Kan. v. Ohio Cas. Ins. Co.*, 176 Wn. App. 185, 198-99 (2013). Regardless of whether the Washington Supreme Court determines that a plaintiff must prove they are a good faith applicant for statutory standing, this Court has already determined that such an allegation is necessary for the more stringent Article III standing in federal court. *Accord Hill v. ACV Auctions Inc.*, No. 2:25-cv-00616-MJP (W.D.

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 6

No. 2:25-cv-01216-RSL

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

Wash. June 4, 2025) ("The Court does not find a stay of this matter to be appropriate. As explained above, the Court lacks subject matter jurisdiction over this matter because Hill lacks standing. The decision in *Branson* will not change that fact.").

Defendants cite several EPOA cases where the federal court issued a stay pending *Branson*. However, absent the outliers in *Wallace v. Marten Transport*, No. 2:24-cv-00872-RAJ (W.D. Wash. Apr. 16, 2025), and *Olea v. Chipotle Mexican Grill, Inc.*, No. 2:24-CV-01643-RAJ (W.D. Wash. June 12, 2025), these cases are materially distinct from this case. In many, plaintiffs alleged they were qualified for the position they applied to, which the Court determined may inform the standing analysis. *See Milito v. Wizards of the Coast LLC*, No. 24-cv-1111 (W.D. Wash. July 24, 2024); *Milito v. Firebolt Analytics, Inc.*, No. 24-cv-1667 (W.D. Wash. Oct. 11, 2024); *Nyannor v. Aramark Services*, No. 24-cv-1543 (W.D. Wash. Nov. 20, 2024); *Hubbard v. Accel Schools LLC*, No. 2:24-cv-01127 (W.D. Wash. Nov. 25, 2024); *Kent v. Tech Mahindra (Americas) Inc.*, No. 2:24-cv-01168 (W.D. Wash. Nov. 18, 2024); *Floyd v. Photon InfoTech Inc.*, 2024 WL 5075017 (W.D. Wash. Dec. 10, 2024). Plaintiff did not make the same allegation here. In other instances, plaintiffs expressly alleged they applied in good faith and with the intent of gaining employment. *Branson v. Wash. Fine Wines & Spirits, LLC*, 2024 WL 4510680 (W.D. Wash. Aug. 20, 2024); *Hill v. Les Schwab Tire Centers of Washington LLC*, 2024 WL 4765145 (W.D. Wash. Oct. 30, 2024). It was reasonable for the Court to stay those cases pending *Branson* because the plaintiffs had Article III standing. No similar reasoning applies here that justifies staying this case in federal court pending *Branson*.

This Court has largely continued to remand cases brought under virtually identical circumstances, even after the *Branson* question was certified. *See, e.g., Perry v. The Boeing Co.*, No. 2:24-cv-01000-RSL (W.D. Wash. Nov. 22, 2024). It should do so again here for the same reasons.

**D.    Defendants have not established CAFA jurisdiction.**

Because Article III standing is a prerequisite to subject matter jurisdiction, without which the Court does not have authority to adjudicate this action, this Court need not address the

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 7

No. 2:25-cv-01216-RSL

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

remaining arguments on CAFA jurisdiction. *See Warth*, 422 U.S. at 498-99; *Vera Whole Health*, 2024 U.S. Dist. LEXIS 116904, at *6 ("If a plaintiff lacks Article III standing, the Court does not have subject matter jurisdiction."); *Liu*, 2024 U.S. Dist. LEXIS 171512, at *6 (remanding "[b]ecause Plaintiff's lack of Article III standing implicates the Court's subject matter jurisdiction"). If the Court reaches these issues, it should conclude that subject matter jurisdiction is lacking because Defendants have not established CAFA's numerosity or amount-in-controversy requirement.

To assert federal jurisdiction over a state law class action, CAFA requires removing defendants to demonstrate that the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2); *see also Harris v. KM Indus., Inc.*, 980 F.3d 694, 696 (9th Cir. 2020). Where defendants base the claimed amount in controversy on unreasonable assumptions, the Court must remand.[1] Plaintiff is not required to "introduce evidence outside the pleadings" to sustain a factual attack. *Harris*, 980 F.3d at 700. He "need only challenge the truth of [Defendants'] jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *See id.* Importantly, "the burden of demonstrating the reasonableness of the assumptions on which the calculation of the amount in controversy was based remain[s] at all times with" Defendants. *See id.* at 701.

Defendants' calculations "'improperly inflate the amount in controversy' by relying on 'unfounded assumptions.'" *See id.* at 698. The Ninth Circuit has recognized that "a 'pattern and practice' of doing something does not necessarily mean *always* doing something." *See Arias v. Residence Inn*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198-99 (9th Cir. 2015)). Here, Plaintiff alleged, on information and belief, that Defendants have demonstrated a pattern and practice of omitting pay information from its job postings seeking Washington workers. However, he did not allege that *all* applicants were affected. Compl. ¶ 23 (alleging that "some, if not all" postings withheld pay information). Despite this, Defendants ask the Court to assume that *all* of their job postings seeking Washington workers lacked the requisite pay information. Defs.' Opp'n at 6-7. Defendants provided no evidence for this

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 8

No. 2:25-cv-01216-RSL

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

unreasonable conclusion. Thus, its derivative assumptions must also be disregarded. *Ibarra*, 775 F.3d at 1199 ("[A]ssumptions cannot be pulled from thin air but need some reasonable ground underlying them.").

Defendants' assumption that there are upwards of 1,000 putative class members ignores Plaintiff's proposed class definition. *See* Notice of Removal. Its estimation is overinclusive because Plaintiff's proposed putative class definition includes only those who "applied for a job opening in the State of Washington . . . *where the job posting did not disclose a wage scale or salary range, and/or a general description of all of the benefits and other compensation to be offered to the hired applicant.*" Compl. ¶ 39 (emphasis added). Defendants' estimation, however, is based on the total number of individuals who applied for a job with Defendants. Notice of Removal ¶ 8. It is far from clear that each and every one of these individuals responded to a job posting that lacked the requisite pay and benefits information. Neither the Complaint nor Defendants' supporting materials support the conclusion that the putative class exceeds 1,000.

Defendants alone know the number of putative class members. And the actual number of putative class members who were denied pay transparency is easily ascertainable. They need only count the number of applications submitted to job openings in Washington where the posting did not include the mandated disclosures. Yet they refuse to provide this information, perhaps because the actual number falls below CAFA's numerosity threshold.

Plaintiff does not have this information and thus cannot provide evidence to disprove Defendants' unreasonable assumptions. But he is not required to. *See Harris*, 980 F.3d at 700 (asserting plaintiff's "factual attack" does not require that plaintiff "introduce evidence outside the pleadings"). Defendants' overinclusive estimation, going far beyond the proposed class definition, is merely a self-serving attempt to keep this putative class action—a case about a Washington law enacted to protect Washington state workers—out of Washington state court.

Finally, Defendants' unreasonable assumptions about the number of putative class members, upon which they base their amount in controversy estimation, "exaggerate the amount in controversy" for the same reasons. *See id.* at 702. As such, Defendant has "failed to carry the

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 9

No. 2:25-cv-01216-RSL

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

burden of proving the statutory amount in controversy by a preponderance of the evidence." *See id.* Remand for failure to establish CAFA jurisdiction is thus required should the Court look past the glaring issue of its lack of Article III authority.

### III.  CONCLUSION

Plaintiff respectfully requests the Court remand this matter to King County Superior Court so as not to further delay prosecution of this state law class action.

Respectfully submitted this 14th day of August, 2025.

EMERY | REDDY, PLLC

By: */s/ Timothy W. Emery*
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Hannah M. Hamley, WSBA No. 59020
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com
Email: hannah@emeryreddy.com
*Attorneys for Plaintiff*

I certify that this memorandum contains less than 4,200 words in compliance with Local Civil Rules.

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 10

No. 2:25-cv-01216-RSL

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2025, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to the following CM/ECF participants:

D. Michael Reilly, WSBA #14674
Priya B. Vivian, WSBA #51802
Erin M. Wilson, WSBA #42454
Ballard Spahr LLP
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Telephone: (206) 223-7000
Email: reillym@ballardspahr.com
Email: vivianp@ballardspahr.com
Email: wilsonem@ballardspahr.com

Dated this 14th day of August, 2025, at Seattle, Washington.

*/s/ Jennifer Chong*
Jennifer Chong, Legal Assistant
jennifer@emeryreddy.com

PLAINTIFF'S REPLY ISO MOTION TO REMAND - 11

No. 2:25-cv-01216-RSL

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711