UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY HILL, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ALBERTSONS LLC, a foreign limited liability company, *et al.*,

Defendants.

CASE NO. 2:25-cv-01216-RSL

ORDER OF REMAND

This matter comes before the Court on plaintiff's motion to remand (Dkt. 13), defendants' response (Dkt. 15), and plaintiff's reply (Dkt. 17). Having reviewed these filings, the related declaration (Dkt. 16), and the record herein, the Court GRANTS the motion for the reasons explained below.

**I.      Background**

Plaintiff Jeffrey Hill filed this putative class action in King County Superior Court on May 30, 2025. Dkt. 1-1. Plaintiff's complaint alleges defendants violated Washington's Equal Pay and Opportunity Act ("EPOA"), RCW 49.58.110, by posting job openings that "did not include the wage scale or salary range being offered." *Id*. at ¶ 10. "Plaintiff and the Class seek injunctive relief to address Defendants' refusal to include a wage scale or

ORDER OF REMAND - 1

salary range in their job postings, and statutory damages pursuant to RCW 49.58.070 and RCW 49.58.110." *Id*. at ¶ 11.

Plaintiff specifically alleges that on or about May 20, 2025, he "applied for a job opening in King County, Washington with Defendants." *Id.* at ¶ 32. The job posting that plaintiff responded to allegedly "did not disclose the wage scale or salary range." *Id*. at ¶ 33. Although plaintiff alleges he "expected" to learn the pay range for the open position "at some point" as he worked through the job application, defendants allegedly "withheld the pay range for the open position in the job posting and throughout the application process, forcing Plaintiff to complete the entire application without learning the pay range." *Id*. at ¶¶ 34–35.

Plaintiff alleges that as a result, he (1) "was unable to determine the pay range for the position"; (2) "remains unable to evaluate the pay for the position and compare that pay to other available positions in the marketplace, which negatively impacts [his] current and lifetime wages"; (3) "remains adversely affected" in his "ability to negotiate pay"; (4) "lost valuable time applying for a position for which the wage scale or salary range being offered was not disclosed"; and (5) "experienced economic and non-economic harm." *Id*. at ¶¶ 37–41.

Plaintiff further alleges that his experience reflects "a common course of conduct" and "systemic violations" of the EPOA by defendants, and thus there is a class of individuals who have "experienced harm identical to that experienced by Plaintiff." *Id*. at

ORDER OF REMAND - 2

¶¶ 42–44. "Plaintiff and each Class member seek statutory damages of $5,000, plus their reasonable attorneys' fees and costs." *Id*. at ¶ 45.

Defendants removed this matter to federal court on June 27, 2025, citing "28 U.S.C. §§ 1332(d), 1441, 1446 and 1453 and specifically the Class Action Fairness Act of 2005 ('CAFA')." Dkt. 1 at ¶ 5. On July 17, 2025, plaintiff moved to remand this matter based on plaintiff's alleged lack of Article III standing and, alternatively, because defendants "cannot establish federal jurisdiction is appropriate under 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ('CAFA')." Dkt. 13 at 1–2.

On Sept. 4, 2025, the Washington State Supreme Court answered a certified question from Western District of Washington Judge John H. Chun concerning the EPOA. *Branson v. Washington Fine Wine & Spirits, LLC*, 5 Wn.3d 289 (Sept. 4, 2025). In its answer, the court held that in order to be deemed a "job applicant" under the EPOA, "a plaintiff must apply to a specific job posting but is not required to prove they are a 'bona fide' or 'good faith' applicant to obtain remedies under the statute." *Id*. at 292.

## II.    Discussion

As noted by Western District of Washington Judge Kymberly K. Evanson in a recent and similar case, plaintiff's argument that remand is required because he lacks Article III standing represents "something of a role reversal from the typical case." *Davis v. Delta Air Lines Inc.*, No. C24-0954-KKE, 2026 WL 914781, at *2 (W.D. Wash. Apr. 3, 2026). That said, lack of Article III standing has become a familiar argument from plaintiffs in EPOA removal cases in this district, and judges, including Judge Evanson,

ORDER OF REMAND - 3

have responded to the argument by granting remand. *See id*. at * 1 (granting remand for lack of Article III standing). *See also Roberts v. Brightview Landscapes, LLC*, No. 25-CV-5894-BJR, 2026 WL 44824 (W.D. Wash. Jan. 7, 2026) (same); *Wright v. BlueLinx Corp.*, No. 2:25-CV-01645-LK, 2025 WL 3771239 (W.D. Wash. Dec. 31, 2025) (same); *Hill v. Hydromax USA LLC*, No. 2:25-CV-1621-JNW, 2025 WL 3677481 (W.D. Wash. Dec. 18, 2025) (same); *Hill v. Airgas USA LLC*, No. 2:25-CV-01531-TMC, 2025 WL 3640901 (W.D. Wash. Dec. 16, 2025) (same); *Milito v. Lucid Grp. USA Inc.*, No. C25-1664-JLR, 2025 WL 3640898 (W.D. Wash. Dec. 16, 2025) (same). The preceding decisions granting remand for lack of Article III standing in EPOA removal cases were all issued post-*Branson*, 5 Wn.3d 289, and as these decisions indicate the Washington State Supreme Court's answer to Judge Chun's certified question in *Branson* does not change the Article III standing analysis. *See Davis* No. C24-0954-KKE, 2026 WL 914781, at *7 ("Nothing in the Washington Supreme Court's decision in *Branson* changes this Court's standing analysis.").

### A.  Plaintiff Lacks Article III Standing

This Court adopts the well-reasoned approach of Judge Evanson in *Davis*. *Id*. Here, as in *Davis*, defendants have the burden to show the existence of standing because they are the party invoking federal jurisdiction. *Id*. (citing *Smelt v. Cnty. of Orange*, 447 F.3d 673, 682 (9th Cir. 2006)). Because Washington's EPOA protects concrete, non-procedural rights, the Court's standing analysis asks whether the specific EPOA violations alleged here "actually harm, or present a material risk of harm to," plaintiff. *Davis*, No. C24-0954-

ORDER OF REMAND - 4

KKE, 2026 WL 914781, at *7 (citing *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021)). As in *Davis*, defendants here point to plaintiff's complaint and argue that plaintiff's "own allegations of harm establish standing." No. C24-0954-KKE, 2026 WL 914781, at *7. *See also* Dkt. 15 at 9:21–10:5. But plaintiff's allegations of harm are nearly identical to the allegations of harm at issue in *Davis*, where the court found plaintiff's allegations of harm "insufficient" to establish that plaintiff was a "bona fide" job applicant who could experience the kind of concrete injury-in-fact necessary for standing. *Compare* No. C24-0954-KKE, 2026 WL 914781, at *7, *with* Dkt. 1 at ¶¶ 37–41. As the *Davis* court summarized, "[a]lthough he applied for a position, [plaintiff] never alleges he was genuinely interested in gaining employment with [defendants]. Accordingly, he fails to plead a cognizable injury resulting from [defendants'] alleged violation of the pay disclosure requirement." No. C24-0954-KKE, 2026 WL 914781, at *1. The same is true here. Dkt. 1 at ¶¶ 37–41. Thus, plaintiff lacks Article III standing and the Court must remand. *Warth v. Seldin*, 422 U.S. 490, 498 (1975); 28 U.S.C. § 1447(c).

### B.  The Futility Exception Does Not Apply

As in *Davis*, defendants here argue that because plaintiff has contended he was not a "bona fide" applicant and suffered no injury-in-fact for the purposes of the Article III standing analysis, remand to state court could be futile (in which case dismissal by this Court could be appropriate). No. C24-0954-KKE, 2026 WL 914781, at *8. *See also* Dkt. 15 at 11:10–12:12. Defendants' theory of futility, offered pre-*Branson*, was premised on a now-counterfactual scenario in which the *Branson* court held that a claim cannot be stated

under the EPOA by a person who is not "a bona fide applicant who applied to the job posting in good faith." Dkt. 15 at 12:1–12. As discussed, *Branson* held the opposite. 5 Wn.3d 289. In addition, even after considering plaintiff's contention that he was not a "bona fide" applicant, Dkt. 13 at 1, and analyzing that contention in light of *Branson*, this Court lacks the required "absolute certainty" that plaintiff's case would be dismissed on remand. *Davis*, No. C24-0954-KKE, 2026 WL 914781, at *8 (quoting *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016)). Therefore remand pursuant to 28 U.S.C. § 1447(c), not dismissal, is the appropriate remedy.

**III.    Conclusion**

For all the foregoing reasons, the Court GRANTS plaintiff's motion to remand (Dkt. 13). This case is remanded to King County Superior Court pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Dated this 26th day of May, 2026.

Robert S. Lasnik
United States District Judge

ORDER OF REMAND - 6